12 F.3d 1103
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Milton J. ULMER and Avelon Ulmer, Appellants,
v.
FIRST NATIONAL BANK and TRUST COMPANY of ELLENDALE, Appellee.
 No. 93-1446ND.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 12, 1993.
Filed: December 3, 1993.
 
 Before RICHARD S. ARNOLD, Chief Judge, BEAM, Circuit Judge, and JACKSON,* District Judge.
 PER CURIAM.
 
 
 1
 The plaintiffs, Milton and Avelon Ulmer, appeal the District Court's[1] affirmance of the Bankruptcy Court's[2] grant of summary judgment to the defendant, First National Bank and Trust Company of Ellendale. The dispute was about the validity of a real-estate mortgage. From 1987 to 1989, the Ulmers executed a series of promissory notes to the bank. After defaulting on their loan payments, the Ulmers filed for bankruptcy under Chapter 11, and brought a proceeding against the bank to avoid the lien. On appeal, the Ulmers contend that although their 1987 note was secured by a mortgage which contained a "dragnet clause," that clause did not apply as security for the later promissory notes. The Bankruptcy Court concluded that the clause did apply to later transactions, and that no genuine issue of material fact existed as to whether the parties intended it to do so. The District Court affirmed, and so do we.
 
 I.
 
 2
 In 1987, the Ulmers executed a promissory note to the bank. They secured that note with a mortgage on their real property. The mortgage contained a dragnet clause which stated that the "mortgage shall cover future advances and renewals."
 
 
 3
 Two years later, in 1989, the Ulmers executed two additional promissory notes to the bank. The plaintiffs secured these notes with their personal property, and, as additional security, they provided the bank with a mortgage on the same real estate included in the 1987 mortgage. The bank failed to make a filing necessary to perfect this mortgage within the 60 days required by statute.
 
 
 4
 When the Ulmers defaulted on their loan payments in the fall of 1991, the bank notified them that it would commence foreclosure proceedings unless they paid the amount due on one of their notes. The Ulmers filed for Chapter 11 bankruptcy relief in January of 1992 and brought a proceeding against the bank to avoid its lien.
 
 
 5
 The parties filed cross motions for summary judgment. The Ulmers contended that the bank had not properly perfected the 1989 mortgage, and therefore that mortgage was not valid. The bank made three arguments in response. First, it denied that the 1989 mortgage was invalid. Second, the bank argued that it held an equitable lien on the mortgaged real estate. Third, it argued that the 1987 mortgage was valid as to all subsequent advances and renewals. The Bankruptcy Court held that the bank could not prevail on its first two claims. However, it granted summary judgment for the bank on the third theory, holding that the "future advances" clause contained in the 1987 mortgage was valid and applied to the later loans.
 
 
 6
 After the Court granted summary judgment to the bank, the Ulmers made a motion requesting that the Court amend its May 8, 1992, order or that it order a new trial. The Bankruptcy Court denied both motions. In denying the motions, the Court specifically noted that it had asked the parties at the summary-judgment hearing if they had submitted all of the necessary evidence to enable it to make a ruling on the summary-judgment motions, and both parties "unequivocally confirmed that no further evidence was warranted." In re Milton J. Ulmer, No. 92-7008 (Bankr. D.N.D., order filed June 9, 1992), slip op. 2. It further noted that the Ulmers' arguments in support of their motions were unpersuasive, because they had "simply failed to adequately address their concerns as to the effect of the future advances clause and [were] now attempting to bring in a new theory in support of their claim." Id. at 6. Despite this statement, the Bankruptcy Court did consider and reject the Ulmers' new arguments about the future-advances clause and held that the uncontradicted evidence on the record at the time it granted the summary-judgment motion showed that the parties had anticipated future dealings when they executed the 1987 mortgage, and that they intended that the mortgage cover debt obligations created in those future dealings. In addition, although noting that courts should use caution when enforcing such clauses, the Bankruptcy Court held that the parties in this case were not unsophisticated, had engaged in further transactions, and had not terminated the clause. It further observed that North Dakota law favored the use of such clauses. The Ulmers then made a motion for amended findings, which the Court denied. On appeal, the District Court affirmed the Bankruptcy Court's order.
 
 II.
 
 7
 Before entering summary judgment for the bank, the Bankruptcy Court held a hearing and then considered the evidence in the record. In making its determination, the Court reasoned that because future-advances clauses are valid in North Dakota, unless a novation had occurred, the 1987 mortgage and clause would be valid. Despite the Ulmers' failure to argue that a novation had occurred, the Court raised the issue and considered whether the parties had the necessary intent to extinguish the 1987 mortgage and whether they had substituted a new obligation for it. In re Hilton J. Ulmer, No. 92-30080 (Bankr. D.N.D. Order filed May 8, 1992).
 
 
 8
 The law of North Dakota presumes original obligations to be valid unless a novation occurs. Whether a novation occurs is a question of fact and is never presumed. Hofer v. Merchants State Bank of Freeman, S.D., 823 F.2d 271, 272-73 (8th Cir. 1987). Moreover, the party urging the existence of a novation bears the burden of proof that a novation was intended. In re Roberts, 54 B.R. 765, 769 (Bankr. D.N.D. 1985).
 
 
 9
 After examining the record, the Bankruptcy Court concluded that neither the evidence adduced at the hearing, nor the exhibits accompanying the parties' summary-judgment briefs, suggested that the 1987 mortgage had been satisfied or had been surrendered in exchange for the 1989 mortgage. Instead, the Court specifically held that the uncontroverted evidence revealed that the parties had intended the clause to apply to future transactions, and that no novation had occurred. Thus, because no genuine issue of material fact existed in the record, the Bankruptcy Court granted summary judgment for the bank.
 
 
 10
 The Ulmers attempted to raise additional arguments to contest the Bankruptcy Court's holding in a motion for amended findings. The Bankruptcy Court held that the Ulmers could have made those arguments and presented those facts at the summary judgment hearing, or in their summary-judgment brief, but had failed to do so. Because the Ulmers did not contest the validity of the advance clause initially, the Bankruptcy Court did not err when it granted summary judgment in the first place. See Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256 (1986). Moreover, because the facts that the Ulmers tried to offer in their motion for amended findings were available to them at the time of the summary-judgment hearing, it was within the Bankruptcy Court's discretion to deny the later motion. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Thus, because the Ulmers failed to provide any evidence at the summary-judgment stage to show that a genuine issue of material fact remained on the 1987 mortgage, and because they did not provide reasons sufficient to justify their failure to do so, the Bankruptcy Court acted within its discretion when it granted summary judgment for the bank.
 
 
 11
 We affirm.
 
 
 
 *
 The Hon. Carol E. Jackson, United States District Judge for the Eastern District of Missouri, sitting by designation
 
 
 [1]
 The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota
 
 
 [2]
 The Honorable William S. Hill, United States Bankruptcy Judge for the District of North Dakota